EDGAR L. TROTH, PETITIONER AND DEFENDANT IN CER-. TIORARI, v. MILLVILLE BOTTLE WORKS, DEFENDANT.

Submitted July 2, 1914—Decided October 9, 1914.

When section 2 of the Employers' Liability act (*Pamph. L.* 1911, *p.* 134), is not intended to apply to the employment of minors, the notice must be given by or to the parent or guardian of the minor; a .notice posted in the works or by means of the pay envelope does not suffice. The act as applied to pre-existing contracts is constitutional.

On *certiorari.*

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutor, *Louis H. Miller.*

For the defendant, *Wescott & Wescott.*

The opinion of the court was delivered by

BLACK, J.   This writ of *certiorari* brings before the court for review an order made by the judge of the Cumberland Court of Common Pleas on the 17th day of February, 1914, by which he ordered the defendant to pay to petitioner · the sum of $5 per week for one hundred weeks, or a total of $500, under the act known as the Employers' Liability act. *Pamph. L.* 1911, *pp.* 134, 763. The record discloses these facts : The petitioner became an apprentice to the defendant, as a mold-maker, on the 25th day of September, 1909, prior to the passage of the act by the legislature. He was injured by a blow in the eye on December 22d, 1911. At the time of the injury the petitioner was eighteen years of age. The prosecutor urges six points for setting aside the order of the court below, which may be grouped under three heads—*first,* the employer had no notice of the injury; *second,* the employer had given notice to the employe of the fact that it would not be bound by section 2 of the act, and *third,* the act is unconstitutional.

As to the first, it is sufficient to say that there is evidence to support the conclusion of the trial court, and this court will not reverse on that ground; on the second point, the notice relied upon is as follows:

"Employes Take Notice.

"The provisions of section 2 of the New Jersey Employers' Liability act, approved April 4th, 1911 (chapter 95, laws of 1911), are not intended by this corporation to apply to its contract of hiring with you.

"MILLVILLE BOTTLE WORKS."

This notice was posted around the works and given through the medium of the pay envelope. The difficulty with this notice is, that it is not in compliance with the statute. Section 9 of the statute provides that "in the employment of minors, section 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor." This was not done. On the third point, the constitutionality of the act, this court held, in the *Sexton Case*, 84 *N. J. L.* 85, affirmed in the Court of Errors and Appeals, *Sexton* v. *Newark District Telegraph Co.* (*post p.* 701), that the act was constitutional, when applied to contracts made after the passage of the act. As to pre-existing contracts, the act is also constitutional, as was said by the Supreme Court of Wisconsin in construing an act of that state: This is not a compulsory law, therefore, the question is not whether the act offend against the state and federal constitutions, which guarantee all citizens against the deprivation of property, without due process of law. That was the question decided in the affirmative, by the New York Court of Appeals in the celebrated case of *Ives* v. *South Buffalo Railroad Co.*, 201 *N. Y.* 271; 34 *L. R. A.* (*N. S.*) 162, and in the negative by the Supreme Court of Washington, 65 *Wash.* 156; 37 *L. R. A.* (*N. S.*) 466.

In the present case, the petitioner was employed under a contract of service, made prior to the passage of the law and which did not expire until the 25th day of September, 1913. It is urged that the act, as applied to pre-existing contracts,

is unconstitutional, as impairing the obligation of contracts. This view is not sound, for the reason stated by Chief Justice Winslow of the Supreme Court of Wisconsin in the case of *Borgnis* v. *Falk Company,* 147 *Wis.* 327; 37 *L. R. A.* (*N. S.*) 489: "The right to bring an action in the future in case of a possible tort not yet committed, is no part of the contract of employment. That right arises out of the relation of employer and employe, and is subject to change by the law-making power at any time. The employer does not contract that it shall remain intact. There is no vested right in a mere remedy for a hypothetical wrong. At most, the law cannot be said to do more than change the remedy for a tort which is yet to happen, and may never happen. The legislature may change the remedies for torts yet to be committed at any time, and such changes cannot be said to make any change in mere contracts of service existing between the parties. This seems very patent."

The judgment of the Cumberland Common Pleas is affirmed.